UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH L. WATKINS, #415333,

        Petitioner,

                                                                                     CASE NO. 16-CV-10059
v.                                                                  HONORABLE NANCY G. EDMUNDS

PAUL KLEE,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT
OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.    Introduction**

Michigan prisoner Keith L. Watkins ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court sentences. Petitioner was convicted of assault with intent to murder and unarmed robbery following a bench trial in the Monroe County Circuit Court and was sentenced to concurrent terms of 18 to 30 years and 10 to 15 years imprisonment in 2002. In his petition, he challenges the scoring of his sentencing guidelines and asserts that his sentences are unconstitutional, relying upon the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (July 29, 2015). For the reasons stated herein, the Court dismisses without prejudice the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner's convictions arise from his brutal assault upon a woman with whom he

had an on again-off again relationship. The incident occurred at the victim's trailer park in Monroe County, Michigan on March 7, 2001. Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the sufficiency of the evidence and the admission of prior bad acts. The court denied relief on those claims and affirmed Petitioner's convictions. *People v. Watkins*, No. 243030, 2004 WL 134001 (Mich. Ct. App. 2004) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Watkins*, 470 Mich. 887, 682 N.W.2d 96 (2004).

Petitioner dated his federal habeas petition on December 30, 2015 and it was filed by the Court on January 7, 2016.

### III. Analysis

A prisoner filing a habeas petition under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must also be raised before the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d

410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a prisoner must exhaust available state court remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987); *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). The burden is on the prisoner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner neither alleges nor establishes that he has properly exhausted his habeas claim(s) in the Michigan courts before proceeding on federal habeas review. He thus fails to meet his burden of proving exhaustion.

Petitioner has an available avenue for relief in the state court system such that his pursuit of state court remedies would not be futile. For example, he may file a motion for relief from judgment with the trial court under Michigan Court Rule 6.500 *et seq.* raising his unexhausted claim(s) and then pursue the matter in the state appellate courts as necessary. The unexhausted issues concern matters of federal law which warrant further review and should therefore be addressed to, and considered by, the state courts in the first instance. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court and the

unexhausted claims are not "plainly meritless." *Id.* at 277.

A stay is unwarranted here. First, Petitioner does not request a stay nor assert that his circumstances justify a stay. Second, all of his habeas claims are unexhausted. The Court cannot stay a petition containing only unexhausted claims. In such a case, a non-prejudicial dismissal of the petition is appropriate. *See Hines v. Romanowski*, No. 2:14–CV–13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); *Wilson v. Warren*, No. 06–CV–15508, 2007 WL 37756, *2 (E.D. Mich. Jan.4, 2007) ("in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*Rhines* stay and abeyance rule does not apply to a petition alleging only unexhausted claims); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir. 2006) ("[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice...."); *McDonald v. Bell*, No. 1:06–cv–406, 2009 WL 1525970 (W.D. Mich. June 1, 2009) (concluding that the stay and abeyance procedure does not apply to petition containing only unexhausted claims and dismissing petition); *Mimms v. Russell*, No. 1:08–cv–79, 2009 WL 890509 (S.D. Ohio March 31, 2009) (habeas petition subject to dismissal where petitioner did not exhaust any of his state court remedies on any of his habeas claims); *Murphy v. Feneis*, No. 07–153, 2007 WL 2320540 at *7 (D. Minn. Aug.10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend *Rhines* to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims.").

Third, the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2244(d), either already bars habeas review given the passage of time between the conclusion of Petitioner's direct appeals in 2004 and the signing of his petition in December, 2015 or will serve to re-start the one-year period based upon new case law. Should the *Lockridge* decision provide a basis for restarting the limitations period - less than six months of the one-year period has run. The one-year period will be tolled for the time Petitioner spends on collateral review in the state courts. *See* 28 U.S.C. § 2244(d)(2) ("properly filed applications for State post-conviction or other collateral review...shall not be counted toward any period of limitation"). Petitioner will then have sufficient time to file a new habeas case after the completion of state remedies. Lastly, while there is no indication that Petitioner has engaged in intentional delay and his claims may not be plainly meritless, he fails to show good cause for failing to exhaust his claim(s) in the state courts before seeking federal habeas review. Petitioner cites *Lockridge* as a new basis for sentencing relief, but does not explain why he did not seek collateral review in the state courts before instituting this action. Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the petition is appropriate.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted his habeas claim(s) in the state courts, that he must do so before proceeding on federal habeas review, and that a stay is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the substantive merits of the petition.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith.  FED. R. APP. P. 24(a).

**IT IS SO ORDERED**.

                                                                s/ Nancy G. Edmunds
                                                                NANCY G. EDMUNDS
                                                                UNITED STATES DISTRICT JUDGE

Dated:  January 26, 2016

6